Filed 5/15/14  In re Albert H. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ALBERT H., a Person Coming Under the Juvenile Court Law. | B250682<br>(Los Angeles County<br>Super. Ct. No. FJ44806) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ALBERT H.,<br><br>　　　　Defendant and Appellant. | |

THE COURT:[*]

　　　　Albert H., a minor, appeals from the order declaring him a ward of the court pursuant to Welfare and Institutions Code section 602, by reason of his having violated Vehicle Code section 10851, subdivision (a), (unlawful driving or taking of a vehicle), a felony.  Appellant was committed to the custody of the probation department to be placed

---

[*]　　　　BOREN, P.J., CHAVEZ, J., FERNS, J.†

†　　　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

in a long-term camp placement. The juvenile court ordered maximum confinement of 16 years four months. Appellant timely appealed.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2013, at approximately 7:30 a.m., Kumja Ko arrived at her workplace and parked her 2003 Toyota Camry in the parking lot. At approximately 9:45 a.m. she noticed that her purse containing her car keys was missing. She looked out the window and realized her car was gone. Ko's workplace had surveillance cameras installed and she watched the videotapes. On one video she saw an African-American man come into her office and grab her purse. On the video that captured the parking lot she saw a different individual drive her car away. That individual had a lighter complexion, wore shorts, a T-shirt, and either a hat or cap.

Ko's coworker, Kyu Sun Yoon, viewed the surveillance videos and helped Ko look for her car. Yoon saw Ko's car on 42nd Street. There were four "kids" in the car. Yoon called the police and followed the car until it stopped at a park. The four kids exited the car and walked towards the park. Yoon was "almost positive" that appellant was the driver of the car.

Los Angeles Police Department (LAPD) Officer Daniel Hayashi was one of several police officers that responded to a call of a vehicle theft. Officer Hayashi received information from the police airship that three juveniles ran into the park and two had been detained. The remaining suspect was a Hispanic male wearing a black shirt and brown shorts. Officer Hayashi found appellant hiding under the bleachers in the gym and detained him.

Ko identified appellant at a field line-up as the individual who stole her car. She remembered his complexion from the video. Appellant was wearing the same clothes as the person on the video. Yoon also identified appellant as the driver of the stolen vehicle based on his clothes and complexion. At trial, both Ko and Yoon positively identified appellant.

2

Appellant was brought to the police station where LAPD Officer Aaron Pomeroy questioned him. Before the interview, Officer Pomeroy secured appellant's waiver of rights under *Miranda v. Arizona* (1966) 384 U.S. 436. Appellant provided a written statement. He stated that he was at home when Aerick S. told him about a car they could steal. He left with Aerick S. and went to Ko's workplace. Appellant rode a bicycle around the parking lot until he located Ko's car. He drove the car out of the parking lot and met up with Aerick S. and Charles L. As appellant drove down the street with Aerick S. and Charles L. they spotted the police helicopter. They went to the park and got out of the car and were detained by police officers.

Appellant testified on his own behalf. On February 17, 2013, at approximately 8:00 a.m., Aerick S. came to appellant's home and asked him for a shaved key. Appellant told him he did not have one. Appellant went to the recreation center and played basketball until noon. Appellant saw Aerick S. and Charles L. come to the park and saw a police helicopter following them. When appellant went to get a drink at the soccer field the helicopter followed him. Appellant went back into the gym and was tackled by a police officer. Appellant testified that the police officers threatened him at the police station and forced him to write a statement implicating himself in the theft of the vehicle.

Aerick S. and Charles L. were also arrested for the instant crime along with appellant. Aerick S. testified that he saw appellant at his home on the morning of February 17, 2013, but appellant did not want to go with him. He testified that appellant never got into the stolen vehicle and was not involved in the crime in any way. Charles L. testified that appellant was never in the stolen car. The only place he saw appellant was at the gym playing basketball, when he, appellant, and Aerick S. were arrested.

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised.

3

On December 24, 2013, we advised appellant that he had 30 days within which to personally submit by brief or letter any contentions or arguments that he wished us to consider. No response has been received to date.

In light of the obligation of independent review imposed by *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record including appellant's Penal Code section 1538.5 motion to suppress the statement appellant made to police. Appellant was advised of and waived his constitutional rights, the statement was freely and voluntarily given, and the juvenile court properly denied appellant's motion to suppress it.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.